**STATE OF MARYLAND, et al.**

v.

**The ANTONELLI CREDITORS' LIQUIDATING TRUST, et al.**

**Civil No. JFM–95–1713.**

United States District Court, D. Maryland.

Dec. 20, 1995.

---

Julia M. Freit, Baltimore, MD, David J. Frankel, Assistant County Attorney, Rockville, MD, for plaintiffs.

Richard M. Lucas, Arnold & Porter, Washington, D.C., Timothy Peter Schwartz, Bergman, Berbert & Schwartz, Bethesda, MD, John A. Roberts, Venable, Baetjer & Howard, Baltimore, MD, Michael Barrett, Gibson, Dunn & Crutcher, Washington, DC, for defendants.

## MEMORANDUM

MOTZ, Chief Judge.

The State of Maryland, Montgomery County and Baltimore County have instituted this action against The Antonelli Creditors' Liquidating Trust (the "Liquidating Trust") and three entities to which the Liquidating Trust transferred parcels of real property. Plaintiffs seek a money judgment for unpaid State and County real estate transfer and recordation taxes. Two questions are presented: (1) whether plaintiffs are prohibited from collaterally attacking the plan provision that exempts the transfers at issue from the taxes that plaintiffs seek to collect, and (2) whether the transfers at issue are exempt from tax under § 1146(c) of the Bankruptcy Code. Both sides have moved for summary judgment.

### I.

The material facts are undisputed and may be briefly stated. The bankruptcy estate of the debtors, Dominic F. Antonelli, Jr. and Judith D. Antonelli (the "Debtors"), was comprised almost exclusively of direct and indi-

rect interests in real property. After intense negotiations between the Debtors and the Official Committee of Unsecured Creditors, a consensual Plan of Reorganization (the "Plan") was arrived at. As part of the Plan, the Liquidating Trust—controlled by a committee of trustees comprised of six creditors and one representative of the Debtors (the "Plan Committee")—was formed. The Debtors transferred their assets to the Trust. The sole purpose of the Trust is to liquidate the assets of the Debtors' estate as rapidly as market conditions permit and to distribute the liquidation proceeds to the Debtors' creditors.

Prior to, and in anticipation of, confirmation of the Plan, the Debtors and the Creditors' Committee filed an adversary proceeding to determine the federal, state and local tax consequences of several provisions of the proposed plan. The State of Maryland and Montgomery County (but not Baltimore County) were named as defendants in this proceeding. Among the relief that the Creditors' Committee sought was a declaratory judgment exempting transfers of real property by the Liquidating Trust to third parties from state and county transfer and recordation taxes. Although other states, counties and municipalities were named as defendants in the proceeding, only the State of Maryland and Montgomery County objected to the relief sought by the Creditors' Committee. The other named defendants consented to judgment and agreed to the applicability of § 1146(c) to transfers from the Liquidating Trust to third-party purchasers.

On November 6, 1992, the Bankruptcy Court issued an opinion which, upon a motion filed by the State of Maryland and Montgomery County, dismissed the declaratory judgment action for want of a case or controversy in light of the fact that none of the transfers by the Liquidating Trust had yet occurred.

At the same time the declaratory judgment action was going forward, the State of Maryland, Montgomery County and Baltimore County were served with a copy of the Third Amended Plan of Reorganization which contained the provision here at issue exempting from tax transfers of real property by the Liquidating Trust pursuant to § 1146(c). None of the three ever filed an objection to the Plan. On November 13, 1992, the Plan was confirmed.[1]

Thereafter, on the effective date of Plan (December 21, 1992), the Liquidating Trust succeeded to the Debtor's interest in virtually all of the assets of the bankruptcy estate. The Plan Committee then undertook the liquidation of those assets for the benefit of the creditors in the bankruptcy case. In the course of that liquidation, the Liquidating Trust sold real property formerly owned by the Debtors located in Montgomery County and Baltimore County. The Plan Committee claimed an exemption from applicable state and county transfer and recordation taxes with respect to those sales. Opposing that claim, plaintiffs instituted this action in the Circuit Court for Montgomery County seeking a judgment for the unpaid taxes. The Plan Committee duly removed the case to this court.

## II.

The first question presented is whether plaintiffs are precluded from maintaining this action by virtue of the fact that they did not object to the confirmation of the Plan which, *inter alia*, exempted the property transfers at issue from the taxes plaintiffs seek to collect. The Supreme Court has recently made clear that parties who believe that a provision of a reorganization plan is improper should challenge it in the Bankruptcy Court, not in subsequent collateral proceedings. *Celotex Corp. v. Edwards*, —— U.S. ——, ——, 115 S.Ct. 1493, 1501, 131

1. The Plan that was actually confirmed was not the Third Amended Plan that had been sent to plaintiffs but a Fourth Amended Plan that was filed on November 2, 1992. The tax exemption provision in the Fourth Amended Plan was modified to delete a reference to mortgagees of third-party purchasers that was inconsistent with the holding in *In re Eastmet Corp.*, 907 F.2d 1487

(4th Cir.1990). The Fourth Amended plan also expressly stated that transfers by the Liquidating Trust would be deemed to be under the Plan. However, the Bankruptcy Court found that the modifications to the Plan were non-material. Accordingly, plaintiffs were not entitled to receive notice of the changes. Bankruptcy Rule 3019.

L.Ed.2d 403 (1995). *See also In re Luria*, 175 B.R. 601, 608 (Bankr.D.Md.1994). ("Once a plan is confirmed, all questions which should have been raised pertaining to such plan are *res judicata*."); *In re Linkous*, 990 F.2d 160, 162 (4th Cir.1993) ("[A] bankruptcy court confirmation order generally is treated as *res judicata*.").

■ Plaintiffs seek to circumvent this rule by arguing that the opposition by the State of Maryland and Montgomery County to the declaratory judgment action filed by the Debtors and the Creditors' Committee provided adequate notice of their objection to the provision of the plan exempting transfers to be made by the Liquidating Trust from transfer and recordation taxes. As a technical matter, this argument is erroneous since an objection to confirmation must be brought as a contested matter pursuant to Fed. R.Bankr.P. 9014. *See* Fed.R.Bankr.P. 3020(b)(1). It is not only on this technicality, however, that the State of Maryland's and Montgomery County's contention fails; it is also unpersuasive on equitable grounds.

■ A plan of reorganization is in essence a roadmap to the future that binds all parties in interest with notice unless they object to confirmation and/or appeal its confirmation. In order to draw that map as precisely as they could, the Debtors and the Creditors' Committee instituted the declaratory judgment action to obtain a ruling on the tax exemption issue. The State of Maryland and Montgomery County defeated that action by persuading the Bankruptcy Court that no case or controversy was yet presented and that the declaratory judgment action was therefore premature. They may or may not have been correct on their case or controversy argument. However, having prevented on case or controversy grounds a ruling on a question that was in the interest of the sound administration of the bankruptcy estate to have resolved as soon as possible, it was incumbent upon the State of Maryland and Montgomery County to be alert to protecting their rights as soon as the tax exemption issue was ripe to decide. They let themselves down in this respect. The plan confirmation process was going forward simultaneously with the declaratory judgment action proceeding; the State of Maryland and Montgomery County simply missed the fact that, having been given full notice of the provision in the Plan exempting transfers made by the Liquidating Trust from taxation, it was their duty to file a proper objection to the Plan.

■ Baltimore County, however, stands in a different position. It was not named as a defendant in the declaratory judgment action. Although it did receive notice of the Third Amended Plan, this was apparently due solely to the fact that the Debtors owed some unpaid real or personal property taxes to the County. By the exercise of extraordinary diligence, of course, the County could have scrutinized the Plan and learned that some of the Debtors' real estate was located within its borders and that a provision of the Plan called for certain tax exemptions. However, the reasonableness of the notice given to Baltimore County is at least as questionable as was the reasonableness of the notice given to the debtor's bank in *In re Linkous, supra*, where the Fourth Circuit ruled that in light of the insufficiency of the notice, it would violate the bank's due process rights to bind it to the confirmation order. The same result would flow here were I to hold that Baltimore County is precluded from making a collateral attack upon the Plan. Therefore, I must address the merits of the issue of whether section 1146(c) is applicable to the transfers made by the Liquidating Trust.

### III.

■ Bankruptcy Code § 1146(c) provides as follows:

> The issuance, transfer, or exchange of a security, or the making or delivering of an instrument of transfer under a plan confirmed under § 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax.[2]

---

**2.** Plaintiffs do not dispute that transfer and recordation taxes, such as those involved here, constitute "a stamp tax or a similar tax" within the meaning of this section. *See, e.g., 995 Fifth Ave. Assocs., L.P. v. New York State Dep't of*

There is no question that the Liquidating Trust was created by the Plan and that the Plan directed that the Liquidating Trust would sell the real property in the bankruptcy estate as part of the liquidation process. Therefore, the transfers at issue fall well within the literal terms of § 1146(c).

Plaintiffs argue, however, that § 1146(c) does not apply because the Liquidating Trust is not the debtor. In support of this contention they rely upon *In re Eastmet Corp.*, 907 F.2d 1487 (4th Cir.1990); *In re Amsterdam Ave. Development Assocs.*, 103 B.R. 454 (Bankr.S.D.N.Y.1989); *In re Bel–Aire Investments, Inc.*, 142 B.R. 992 (Bankr. M.D.Fla.1992); and *In re Kerner Printing Co., Inc.*, 188 B.R. 121 (Bankr.S.D.N.Y.1995). While these cases can all be read broadly (as plaintiffs read them) to stand for the proposition that § 1146(c) does not apply to any transfer made by an entity other than the debtor itself, their actual holdings are more limited in scope. *Eastmet, Bel–Aire* and *Amsterdam Ave.* all involved transfers to a lending institution by a purchaser that was continuing in business after the transfers were made. The tax exemption sought for under § 1146(c) did not directly benefit the debtors or their creditors but the purchasers themselves. Although *Kerner Printing* is closer to the instant case in that it involved transfers to be made by a new entity allegedly created by the plan of reorganization for the sole purpose of transferring properties in the bankruptcy estate, it too is distinguishable in that the so-called new entity was actually the single creditor (or its designee) most likely to be benefited by the transfers over time.

Here, in contrast, the Liquidating Trust is genuinely a new entity created by and operating under the Plan. It is controlled by a committee of trustees comprised of six creditors and one representative of the Debtors; its sole purpose is to liquidate the entire bankruptcy estate for the benefit of all the Debtors' creditors. The Trust itself gains nothing from the transfers that it makes, and it will terminate when all of the transfers have been made. Both theoretically and practically it stands in the position of the

Debtors whose transfers unquestionably would be exempt from taxation. If it had not been created, the Bankruptcy Court would have had to stay involved in the liquidation process for a prolonged period of time, unnecessarily increasing the administrative expenses of the parties and needlessly consuming the Bankruptcy Court's time—a scarce public resource.

In short, both the literal terms of § 1146(c) and the interest of the public in the sound and efficient administration of bankruptcy estates support the application of § 1146(c) to the transfers made by the Liquidating Trust. Accordingly, Baltimore County's claim for unpaid taxes on those transfers will be denied.

A separate order effecting the rulings made in this memorandum is being entered herewith.

### ORDER

For the reasons stated in the memorandum entered herewith, it is, this 20th day of December, 1995,

ORDERED:

1. Plaintiffs' motion for summary judgment is denied;

2. Defendants' motion for summary judgment is granted; and

3. Judgment is entered in favor of defendants against plaintiffs.

*Taxation and Finance,* 963 F.2d 503, 512 (2nd Cir.1992).